# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| David Agnew,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Joseph Arpaio,<br><br>　　　　　　　　Defendant. | No. CV 05-3467 PHX NVW (JM)<br><br>**REPORT AND RECOMMENDATION** |

    In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation.  For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to prosecute this action.

    Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2005.  By Order dated November 14, 2005, the Clerk of the Court was directed to send Plaintiff a service packet for Defendant Arpaio. *Docket No. 3*.  Plaintiff was directed to complete and return the service packet to the Clerk of the Court within twenty (20) days of the filing of the order.  The docket reflects that the packet was sent on November 14, 2005.  To date, Plaintiff has not returned the service packet and the docket does not indicate that the Complaint has been served.

    Included in the December 6, 2005, Order issued by Judge Wake was a Federal Rules of Civil Procedure, Rule 41(b), warning to Plaintiff that if he failed to timely comply with

every provision of the Order, the action would be dismissed. As the Plaintiff has failed to timely return the service packets or otherwise serve the Complaint, he has failed to pursue the prosecution of his case and he is in violation of Judge Wake's order. As such, dismissal of this action with prejudice is appropriate. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on the merits).

**Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **dismissing** this matter with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-3467 PHX NVW**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 18th day of July, 2006.

Jacqueline Marshall
United States Magistrate Judge